In The United States District Court
For the District of New Jersey

RECEIVED
OCT 13 2011
AT 8:30_____M
WILLIAM T. WALSH, CLERK

Noel Antigua-Diaz #179578
Petitioner

V.

Case Number 08-454-01

United States of America
    Respondent

Habeas- Corpus\ Motion to Re-open and put aside judgment based on Ineffective Assistance of Counsel in Criminal Case no. 08-454-01.

I.    I, Noel Antigua-Diaz/Petitioner, a lawful resident of the United States of America, respectfully, submit this motion requesting the United States District Court of New Jersey to respectfully re-open and put aside judgment in the criminal case no. 08-454-01. This request is based upon the ineffective counsel assistance rendered by the defense attorney Mr. Mark Musella, Esq.
United States Supreme Court decision in Padilla v. Kentucky 2010
U.S, Lexis 2928 (2010).

II.    Facts and Procedural History

I, Noel Antigua-Diaz, was arrested and charged for the offense of conspiracy to distribute controlled substance, and entered in a plea bargain arranged by the counsel Mark Musella, Esq.

Petitioner, is a native of the Dominican Republic and a lawful permanent resident of the United States of America, subsequently upon entering the plea bargain arrangement counsel failed to inform the petitioner of the effects and consequences that the guilty plea would have on the immigration and naturalization services.

As a consequence of the plea bargain arrangement made by the counsel for the defendant/petitioner, the petitioner has gravely suffered the following hardship and dilemma.

The petitioner is now facing removal proceeding by the Department of Homeland Security (DHS) and subject to a violation of INA & 237 (a)(2)(a) iii, as a consequence of the plea bargain. Ref: Henry Jone v. United States Of America and Padilla v. Kentucky.

The petitioner would not have accepted and/or signed the plea bargain, that led to the current DHS intervention, if counsel had advised the petitioner of the consequences prior to the acceptance and signing of the plea bargain. Ref. Padilla v. Kentucky 2010 U.S. Lexis 2928 (2010). The court must recognize that ineffective counsel assistance during proceeding may provide basis for finding miscarriage of justice.
Baker 2007. U.S. Dist. Lexis 26028(16-17).

The motion of fundamental fairness embodied in the due process implied that a person may not be deprived of his life, liberty, or property without due process of the law. See 344 U.S. 590,596.
U.S. v. Gtero where a reviewing court must be 'highly different in assessing counsel's conduct falls within the wide range of reasonable professional assistance'. 502-F.3d. 331,334 (3rd cir 2007).
Ref: citing Strickland v. Washington, 446 U.S. 668-687(1984). U.S. v. Hankerson 496 3d. 303,310 (3rd cir 2007). To satisfy the second prong of the Strickland analysis, petitioner must establish "reasonable probability, that for counsel's unprofessional errors, the result of the proceeding would have different".
Quoting Strickland 446. U.S. at 694.

Petitioner was also denied the right to consulate in accordance in the article 36 of the Vienna Convention. The petitioner requests this honorable court to appoint him a lawyer, for the petitioner is without the financial means to obtain one.

I hereby declare under penalty of perjury that foregoing is true and correct to the best of my knowledge.

Respectfully,

Noel Antigua-Diaz #179578